IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10317
Summary Calendar
_____

MICHAEL E. BEARD,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(98-CV-78)
--------------------

November 4, 1999

Before POLITZ, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Michael E. Beard appeals from the judgment of the district court denying his application for habeas corpus relief under 28 U.S.C. § 2241. Petitioner was convicted by a court-martial of committing sodomy with two children in violation of the Uniform Code of Military Justice, 10 U.S.C. §§ 801-950. He was sentenced to a dishonorable discharge, 10 years' confinement, and reduction in rank to E-1. He appealed his conviction and sentence to the United States Air Force Court of Criminal Appeals, which affirmed the findings and sentence of the court-martial. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sought review before the United States Court of Appeals for the Armed Forces, which denied review without opinion. United States v. Beard, 46 M.J. 407 (C.A.A.F. 1997).

Military court-martial convictions are subject to collateral review only if it is asserted that the court-martial lacked jurisdiction, or substantial constitutional rights have been violated, or other exceptional circumstances are present. Calley v. Callaway, 519 F.2d 184, 203 (5th Cir. 1975) (en banc). This court's review of factual issues is limited to determining whether the military has fully and fairly considered contested factual issues. Calley, 519 F.2d at 203.

Although couched in terms of a violation of due process, petitioner's arguments concerning the sufficiency of the evidence and his allegation that the victims' testimony was "tainted" raise disputed factual issues that were fully and fairly considered by the military court. Therefore, the district court properly denied federal habeas relief. See id. Petitioner's claim of ineffective assistance of trial counsel presents a mixed question of law and fact that hinges on resolution of disputed factual issues. See Strickland v. Washington, 466 U.S. 668, 698 (1984). Because these issues were fully and fairly considered by the military court, the district court did not err in denying habeas relief. Calley, 519 F.2d at 203. Petitioner has failed to show any prejudice with respect to his claim of ineffective assistance of appellate counsel, since the issues that counsel are alleged to have failed to raise were considered by the military court. See Strickland,

2

466 U.S. at 687. Finally, although petitioner argues that the military appellate court applied an incorrect standard of review, at base this argument amounts to a reassertion of his insufficiency-of-the-evidence argument, and the district court did not err in denying habeas relief.

AFFIRMED.